JS 44   (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

KATHLEEN HERMAN

**DEFENDANTS**

NCO FINANCIAL SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff

County of Residence of First Listed Defendant

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S)   (See instructions):

JUDGE

DOCKET NUMBER

Explanation:

---

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 04/27/2012 | /s/ Craig Thor Kimmel |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| KATHLEEN HERMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NCO FINANCIAL SYSTEMS, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　(X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　( )


04/27/12
Date

Craig Thor Kimmel
Attorney-at-law

Plaintiff, Kathleen Herman
Attorney for


215-540-8888
Telephone

215-540-8817
FAX Number

kimmel@creditlaw.com
E-Mail Address


(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 411 Main St., Castalia OH 44824

Address of Defendant: 407 Prudential Rd., Horsham PA 19044

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases 15 V.S.C. § 1692
   (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 04/27/12  /s/Craig Thor Kimmel  57100
   Attorney-at-Law  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/27/12  /s/Craig Thor Kimmel  57100
   Attorney-at-Law  Attorney I.D.#

CIV. 609 (6/08)

**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

KATHLEEN HERMAN,                                    )
                                                    )
        Plaintiff                           )
                                                    )    **Case No.:**
    v.                                      )
                                                    )    **COMPLAINT AND DEMAND FOR**
NCO FINANCIAL SYSTEMS, INC.,                        )    **JURY TRIAL**
                                                    )
        Defendant                           )    **(Unlawful Debt Collection Practices)**

## COMPLAINT

KATHLEEN HERMAN ("Plaintiff"), by and through her attorneys, KIMMEL &
SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC.,
("Defendant"):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15
U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states
that such actions may be brought and heard before "any appropriate United States district court
without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original
jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the Commonwealth of Pennsylvania; therefore,
personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

5.     Plaintiff is a natural person residing in Castalia, Ohio 44824.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.     Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania 19044.

8.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.    At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11.    The alleged debt at issue, a student loan, arose out of transactions, which were primarily for personal, family, or household purposes.

12.    Beginning in December 2011, and continuing through February 2012, Defendant contacted Plaintiff on a repetitive and continuous basis in its attempt to collect this debt.

13.    Plaintiff regularly received collection calls from the following telephone number: (800) 448-9570, which the undersigned has confirmed is a telephone number belonging to Defendant.

14.    Defendant used the quantity and pattern of its collection calls to Plaintiff as a means of harassing her.

15.    When contacting Plaintiff, Defendant called her almost every day.

- 2 -

16.     For example, in December, Defendant called Plaintiff on the following days: December 4, 2011; December 5, 2011; December 7, 2011; December 10, 2011; December 13, 2011; December 15, 2011; December 19, 2011; December 21, 2011; December 23, 2011; December 29, 2011, and December 30, 2011.  See Exhibit A, Plaintiff's phone records.

17.     Then, in January 2012, seeing that Plaintiff had not made payment in response to its repetitive collection calls, Defendant increased the volume of its calls to Plaintiff.

18.     Defendant called Plaintiff on the following days: January 3, 2012; January 5, 2012; January 9, 2012; January 10, 2012; January 11, 2012; January 12, 2012; January 13, 2012; January 14, 2012; January 16, 2012; January 17, 2012; January 18, 2012; January 19, 2012; January 20, 2012; January 21, 2012; January 23, 2012; January 24, 2012; January 25, 2012; January 26, 2012; January 27, 2012; January 30, 2012; and January 31, 2012.  See Exhibit A.

19.     In addition to calling her almost every day, Defendant contacted Plaintiff multiple times in the same day.

20.     For example, Defendant called Plaintiff multiple times on the following days: January 12, 2012; January 16, 2012; January 17, 2012; January 19, 2012; January 20, 2012; January 21, 2012; January 30, 2012; and January 31, 2012.  See Exhibit A.

21.     Then, in February 2012, Defendant contacted Plaintiff on February 1, 2012; February 2, 2012; February 3, 2012 (multiple times); February 6, 2012; February 7, 2012; February 8, 2012 (multiple times); February 9, 2012; February 10, 2012; February 11, 2012; February 13, 2012 (multiple times); February 14, 2012; and February 15, 2012.  See Exhibit A.

22.     Upon information and belief, Defendant contacted Plaintiff at other times and on other days in its attempts to collect a debt.

23.   When Plaintiff did speak with Defendant in January 2012, its collector deceptively claimed to her that Defendant would garnish her wages if she did not pay the alleged debt, in order to create a sense of urgency which would cause Plaintiff to make a payment.

24.   To date, despite Plaintiff not having made a payment on the alleged debt, Defendant has not garnished her wages.

25.   In addition to its continuous and repeated telephone calls to Plaintiff, Defendant also left voicemail messages on her answering machine informing Plaintiff that "NCO Financial" was calling and requesting that she call them back.

26.   Because Defendant left the messages on Plaintiff's home answering machine, her son heard the messages.

27.   Her son would ask her why Defendant was calling and got upset that she was receiving so many calls from the same entity.

28.   Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying this debt.

29.   Also, Defendant contacted Plaintiff's parents claiming to be calling to obtain a phone number for Plaintiff; however, upon information and belief, at the time Defendant contacted Plaintiff's parents, it already had a valid telephone for Plaintiff.

30.   Further, in its attempts to collect a debt, on or about December 2, 2011, Defendant sent Plaintiff correspondence seeking and demanding payment of an alleged debt. See Exhibit B, Defendant's December 2, 2011, Letter to Plaintiff.

31.   In it letter, Defendant included a "RE:" section, presumably to inform Plaintiff about the purpose of its letter. See Exhibit B.

- 4 -

32.    In this section, Defendant listed "School Name:" and "Lender Name:"; however, it failed to identify a "School Name" or "Lender Name," making it impossible for Plaintiff to determine what school or lender this debt relates to. See Exhibit B.

33.    Furthermore, in its letter to Plaintiff, Defendant advised Plaintiff that the guarantor, American Student Assistance, assigned a defaulted loan(s) to Defendant for collection. See Exhibit B.

34.    In the second paragraph of its letter, Defendant told Plaintiff that "to resolve this delinquency," contact her account representative. See Exhibit B.

35.    Defendant's use of the terms "default" and "delinquency" was confusing and misleading to Plaintiff.

36.    The terms "default" and "delinquency" have separate and distinct meanings when used to describe the status of a student loan.

37.    Defendant used the terms interchangeably to confuse Plaintiff, hoping that to do would cause Plaintiff to make payment on the student loan.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

38.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

    a.    A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation

- 5 -

repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

c.   Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it called Plaintiff almost everyday, calling her multiple times a day, over several months, with the intent to annoy, harass and abuse her.

## COUNT II

39.   Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e and 1692e(4).

a.   A debt collector violates §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

b.   A debt collector violates §1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

c.   Here, Defendant violated §1692e of the FDCPA when it mislead about the current status of her student loan, by describing it as being in default, but then asking her to contact it about in order to resolve the delinquency.

d.   Further, Defendant violated §§1692e and 1692e(4) of the FDCPA by deceptively claiming that it would garnish her wages if she did not make payment on the alleged debt, when Defendant did not intend to garnish her wages and/or did not have authority from the guarantor to garnish wages.

- 6 -

40.   Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

   a.   A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

   b.   Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including repeatedly leaving messages on her home answering machine that could be heard by all members of her household, including her minor son; calling her parents in its attempts to collect a debt; and not providing her with the name of the school and the lender name in its communications with Plaintiff.

WHEREFORE, Plaintiff, KATHLEEN HERMAN, respectfully prays for a judgment as follows:

   a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

   b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

   d.   Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KATHLEEN HERMAN, demands a jury trial in this case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

RESPECTFULLY SUBMITTED,

DATED: 04/27/2012                    KIMMEL & SILVERMAN, P.C.

By: /s/ Craig Thor Kimmel
    CRAIG THOR KIMMEL
    Attorney ID # 57100
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: kimmel@creditlaw.com

- 8 -

PLAINTIFF'S COMPLAINT